**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JIANMEI LIN,

               Petitioner,

                   v.

MICHAEL BORGEN, *et al.*,

               Respondents.

Case No. 25 Civ. 5618 (MMG)

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007
Telephone: 212-637-2810
Facsimile: 212-637-2786
*Attorney for Respondents*

KAMIKA S. SHAW
Assistant United States Attorney
   *Of Counsel*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................. 2

    I.  PROCEDURAL HISTORY............................................................................................. 2

    II.  FACTUAL BACKGROUND.......................................................................................... 2

    III. DETENTION AUTHORITY.......................................................................................... 4

ARGUMENT ..................................................................................................................... 6

    I.  THE COURT LACKS JURISDICTION TO HEAR ANY CLAIM ARISING
        FROM THE DECISION TO EXECUTE THE FINAL REMOVAL ORDER ................. 6

    II.  PETITIONER'S CHALLENGE TO HIS DETENTION FAILS ON THE
        MERITS ..................................................................................................................... 9

        A.  Revocation of Petioner's OSUP and His Detention are Permissable. ........................ 10

        B.  Petitioner's I-130, I-212 and Pending I-601A Do Not Affect His Dentention
            and Removal .............................................................................................................. 10

CONCLUSION................................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**                                                                     **PAGE(s)**

*Achbani v. Homan,*
   No. 3:17-cv-1512 (JBA), 2017 WL 4227649 (D. Conn. Sept. 22, 2017).........................11

*Alomaisi v. Decker,*
   No. 20 Civ. 5059 (VSB) (SLC), 2021 WL 611047 (S.D.N.Y. Jan. 27, 2021) ...............8, 9

*Alomaisi v. Mayorkas*,
   No. 20 Civ. 5059 (VSB) (SLC), 2021 WL 3774117 (S.D.N.Y. Aug. 25, 2021)............8, 9

*Asylum Seeker Advoc. Project v. Barr,*
   409 F. Supp. 3d 221 (S.D.N.Y. 2019)...................................................................................9

*Barros Anguisaca v. Decker,*
   393 F. Supp. 3d 344 (S.D.N.Y. 2019)...................................................................................6

*Calderon v. Sessions,*
   330 F. Supp. 3d 944 (S.D.N.Y. 2018)...................................................................................9

*Chupina v. Holder,*
   570 F.3d 99 (2d Cir. 2009).....................................................................................................4

*Delgado v. Quarantillo,*
   643 F.3d 52 (2d Cir. 2011).....................................................................................................7

*Delgado v. Quarantillo,*
   No. 13 CIV. 8749 (RMB), 2014 WL 11351249 (S.D.N.Y. Oct. 3, 2014),
   *aff'd*, 611 F. App'x 30 (2d Cir. 2015).................................................................................8

*Johnson v. Arteaga-Martinez,*
   596 U.S. 573 (2022)................................................................................................................5

*Oguejiofor v. Attorney General of U.S.,*
   277 F.3d 1305 (11th Cir. 2002) ..........................................................................................11

*Reno v. Am.-Arab Anti-Discrimination Comm.,*
   525 U.S. 471 (1999)................................................................................................................7

*Sanitation & Recycling Indus., Inc. v. City of New York,*
   107 F.3d 985 (2d Cir. 1997).................................................................................................11

*Singh v. United States Citizenship & Immigr. Servs.*,
   No. 15-CV-1411 (JMF), 2016 WL 1267796 (S.D.N.Y. Mar. 30, 2016),
   *aff'd*, 878 F.3d 441 (2d Cir. 2017) ................................................................. 7, 8

*Spina v. Dep't of Homeland Sec.*,
   470 F.3d 116 (2d Cir. 2006)........................................................................... 8

*Town of Castle Rock, Colo. v. Gonzales*,
   545 U.S. 748 (2005)........................................................................................ 10

*Vidhja v. Whitaker*,
   No. 19 CIV. 613 (PGG), 2019 WL 1090369 (S.D.N.Y. Mar. 6, 2019)................... 6, 7, 11

*Wang v. Ashcroft*,
   320 F.3d 130 (2d Cir. 2003)............................................................................ 4

*Yearwood v. Barr*,
   391 F. Supp. 3d 255 (S.D.N.Y. 2019)............................................................... 7

*Yuen Jin v. Mukasey*,
   538 F.3d 143 (2d Cir. 2008)............................................................................ 11

*Zadvydas v. Davis*,
   533 U.S. 678 ................................................................................................ 11


## STATUTES

8 U.S.C. § 1231 ................................................................................................ 4

8 U.S.C. § 1231(a) ........................................................................................... 1, 4

8 U.S.C. § 1251(a)(1)(B) .................................................................................. 2

8 U.S.C. § 1252 ................................................................................................ 6

8 U.S.C. § 1252(a)(5) ....................................................................................... 4, 6

8 U.S.C. § 1252(g) ........................................................................................... 7

8 US.C. § 1101(a)(47)(B) ................................................................................ 4

28 U.S.C. § 2241 .............................................................................................. 2

Ohio Revised Code § 2913.02 .......................................................................... 3

**REGULATIONS**

8 C.F.R. § 241.13(a)..........................................................................................................5

8 C.F.R. § 241.13(g)(1)......................................................................................................5

8 C.F.R. § 241.13(i)(2).......................................................................................................5

8 C.F.R. § 241.4(c)(1)-(2)..................................................................................................5

8 C.F.R. § 241.4(l)(2).........................................................................................................5

8 C.F.R. § 241.6(a)............................................................................................................6

The government respectfully submits this memorandum of law in opposition to the petition for writ of habeas corpus, ECF No. 1 ("Pet."), filed by petitioner Jianmei Lin ("Petitioner") on July 8, 2025.

## PRELIMINARY STATEMENT

Petitioner is a native and citizen of the Republic of China who has been subject to a final removal order since May 1996 after undergoing full review by the judicial system. On July 8, 2025, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") upon revocation of his Order of Supervision ("OSUP") pursuant to Immigration and Nationality Act ("INA") § 241(a), 8 U.S.C. § 1231(a), so that ICE could execute his removal order.

In his petition, Petitioner seeks to challenge ICE's discretionary decision to detain him in order to execute his removal order. Petitioner claims that his pending I-601A application and approved I-130 and I-212 applications somehow indicate that he is being unconstitutionally detained. On this basis, he is requesting that this Court stay Petitioner's removal and order his release pending adjudication of his I-601A application. However, Petitioner is not entitled to the relief he seeks. First, district courts lack jurisdiction to any claim arising from ICE's decision to execute final orders of removal, and thus cannot stay removal or order release under these circumstances. Even if Petitioner could overcome this jurisdictional bar, his claim would fail on the merits. Detention to exercise a final order of removal is constitutional, and ICE properly exercised its discretion to revoke petitioner's OSUP and detain him for imminent removal. ICE is diligently pursuing removal and will remove Petitioner as soon as travel documents are available. Because his removal is expected to occur in the near future, Petitioner's detention pending removal is lawful.

For these reasons, as detailed further below, this Court should deny the petition for writ of habeas corpus.

## **BACKGROUND**

### I.    **PROCEDURAL HISTORY**

Petitioner is a noncitizen detained by ICE.  On July 8, 2025, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet.").  Petitioner seeks, among other things, to stay his removal, a bond hearing before an Immigration Court judge, and his relief pending resolution of his pending I-601A.  *Id*.

### II.    **FACTUAL BACKGROUND**

Petitioner is a citizen of China who entered the United States in 1992; he was not inspected by an Immigration Officer upon entry.  ECF No. 10, Declaration of Jason Mascia dated July 15, 2025 ("Mascia Decl."), ¶¶ 3-4.  On August 28, 1992, Petitioner entered into deportation proceedings when he was served with an Order to Show Cause and Notice of hearing ("I-221").  Per the Form I-221, Petitioner was subject to deportation pursuant to then-operative Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B).  Mascia Decl. ¶ 5.

On October 6, 1994, an Immigration Judge granted Petitioner voluntary departure, which was valid until November 6, 1994.  The order advised Petitioner that failure to voluntarily depart would lead to a deportation order.  Mascia Decl. ¶ 6.  Petitioner appealed the determination to the Board of Immigration Appeal ("BIA") and requested asylum.  Mascia Decl. ¶ 7.  On April 1, 1996, the BIA denied Petitioner's appeal and allowed him to voluntarily depart the United States within 30 days of its decision.  Mascia Decl. ¶ 8.  Petitioner did not comply with the grant of voluntary departure.  Following Petitioner's failure to depart, on April 17, 1997, Immigration

and Naturalization Service ("INS") issued a letter directing him to surrender to INS on May 29,

1997.  Petitioner again failed to do so.  Mascia Decl. ¶ 10.

On May 22, 2001, petitioner was arrested in Akron, Ohio and charged with one count of

theft pursuant to Ohio Revised Code § 2913.02.[1]  Mascia Decl. ¶ 11.  In May 2010, Petitioner

was detained by ICE pursuant to a Warrant of Removal/Deportation ("I-205").  Following his

arrest, he was detained at Hudson County Correction Facility in Kearny, New Jersey, pending

removal.  Mascia Decl. ¶ 12.  Petitioner was subsequently released and issued an Order of

Supervision ("OSUP") in August 2010 after the Consulate General for the People's Republic of

China in New York declined to issue travel documents.  Mascia Decl. ¶ 13.  Pursuant to the

OSUP, ICE permitted Petitioner to remain out of ICE custody as long as he complied with

certain conditions, including periodically reporting to ICE in person as directed and assisting in

acquiring travel documents for his removal.  In May 2018, Petitioner submitted an Application

for Permission to Reapply for Admission into the United States After Deportation or Removal

("Form I-212") with the U.S. Citizenship and Immigration Services ("USCIS").  USCIS granted

Petitioner's Form I-212 in March 2025.  Mascia Decl. ¶ 19.  In September 2019, Petitioner's

wife submitted a Petition for Alien Relative ("I-130") on his behalf.  USCIS denied the petition

in December 2019, and Petitioner's wife appealed to the BIA; USCIS filed a motion to remand.

In June 2021, the BIA granted USCIS's motion and remanded the matter.  Mascia Decl. ¶¶ 15-

17.  USCIS approved the Form I-130 in June 2023.  Mascia Decl. ¶ 18.  In April 2025, Petitioner

submitted an Application for Provisional Unlawful Presence Waiver ("I-601A") to USCIS; that

application is still pending.  Mascia Decl. ¶ 20.

---

[1] The disposition of Petitioner's case is unknown.

Petitioner was detained by ICE on July 8, 2025, to effectuate his long-outstanding removal order. Mascia Decl. ¶ 21. After he was detained, Petitioner was served with a Notice of Revocation of Release informing him of ICE's intent to remove him and providing the reasons for the revocation of his OSUP.[2] Petitioner was given the chance to response to the revocation via informal interview. Mascia Decl. ¶ 21. On July 11, 2025, Petitioner was transferred to Orange County Jail ("OCJ") pending removal. Mascia Decl. ¶ 22.

## III. DETENTION AUTHORITY

8 U.S.C. § 1231 provides authority to detain a noncitizen subject to a final removal order. 8 U.S.C. § 1231(a). *See Wang v. Ashcroft*, 320 F.3d 130, 145 (2d Cir. 2003) ("8 U.S.C. § 1231, governs the detention of aliens subject to final orders of removal."). An order of removal is considered final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals. 8 US.C. § 1101(a)(47)(B). *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (citing § 1101(a)(47)(B) to conclude that [a]n order of removal is 'final' upon the earlier of the BIA's affirmance of the immigration judge's order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA."). A non-citizen may request judicial review of a final removal order by filing a petition for review in the court of appeals that has jurisdiction. *See* 8 U.S.C. § 1252(a)(5), (b)(9).

Pursuant to Section 1231, noncitizens subject to final removal are required to be detained without a bond hearing for a 90-day removal period. 8 U.S.C. § 1231(a)(2). Noncitizens

---

[2] Petitioner was originally served with a Notice of Revocation of Release on July 8, 2025. ICE served Petitioner with a corrected Notice on July 10, 2025, that corrected the country of removal. Mascia Decl. ¶ 22.

detained during the removal period receive custody reviews prior to the expiration of their removal period and, will continue to receive period custody reviews if they are detained beyond the removal period. They are not entitled to bond hearings before an immigration judge. *See* 8 C.F.R. § 241.4(c)(1)-(2), (h)(1)-(2), (k); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580–82 (2022) (statutory text of § 1231(a)(6) does not require bond hearings before immigration judges).

Pursuant to the relevant regulations, ICE "shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section." 8 C.F.R. § 241.4(*l*)(2). The regulation permits ICE to revoke release in the exercise of discretion when, in the opinion of the revoking official: " . . . (iii) [i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (iv) . . . any other circumstance[] indicates that release would no longer be appropriate." *Id.* The regulation does not include any requirement of advance notice before a noncitizen's release is revoked pursuant to section 241.4(*l*)(2).

Where a noncitizen subject to a final removal order has "provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed . . . in the reasonably foreseeable future," 8 C.F.R. § 241.13(a), ICE utilizes special review procedures. In those circumstances, ICE can choose to release a non-citizen subject to "appropriate conditions of supervision." 8 C.F.R. § 241.13(g)(1). ICE "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE also has

"discretion" to "grant a stay of removal or deportation for such time and under such conditions as [it] may deem appropriate." 8 C.F.R. § 241.6(a).

## ARGUMENT

The Court should dismiss the petition for writ of habeas corpus because ICE has lawfully revoked Petitioner's OSUP and detained him for the purpose of executing his final order of removal. Petitioner's removal is imminent, as ICE has been working to process his removal since he has been detained.

### I. THE COURT LACKS JURISDICTION TO HEAR ANY CLAIM ARISING FROM THE DECISION TO EXECUTE THE FINAL REMOVAL ORDER

Petitioner asks this Court to "assume jurisdiction over this matter," stay his removal order and schedule a bond hearing before an Immigration Judge, and issue an order releasing Petitioner during the pendency of his I-601A application. Petitioner thus seeks an order restraining the government's ability to execute his removal order, but Petitioner cannot get the relief he seeks because this Court lacks jurisdiction to stay his removal or otherwise adjudicate Petitioner's collateral claims that are predicated on his challenge to the removal order. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal"), (b)(9) (so-called zipper clause channeling judicial review of all claims arising from removal proceedings to the courts of appeals), (g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . [to] execute removal orders against any alien").

In considering the jurisdictional provision of 8 U.S.C. § 1252, "[n]umerous courts in this Circuit have held . . . that a request for a stay of removal constitutes a challenge to a removal order, and that accordingly district courts lack jurisdiction to grant such relief." *Barros*

*Anguisaca v. Decker*, 393 F. Supp. 3d 344, 350 (S.D.N.Y. 2019) (quoting *Vidhja v. Whitaker*, No. 19 CIV. 613 (PGG), 2019 WL 1090369, at *3 (S.D.N.Y. Mar. 6, 2019)).  First, § 1252(a)(5) and (b)(9) make it clear that the appropriate court of appeals has exclusive jurisdiction for claims arising from removal proceedings.  Section 1252(b)(9) provides that " [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" must be brought in the court of appeals.   Subsection (b)(9) operates as an "unmistakable 'zipper' clause" that "channels judicial review of all [claims related to deportation proceedings]" to the appropriate court of appeals.  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999).

Further, § 1252(a)(5) provides the appropriate court of appeals exclusive jurisdiction for "judicial review of an order of removal entered or issued under any provision of this chapter." Courts have determined that Section (a)(5) is a "jurisdictional bar" that "applies equally" to indirect and direct challenges to removal.  *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  "[W]hether a plaintiff is bringing an indirect challenge turns on the substance of the relief" sought."  *Singh v. United States Citizenship & Immigr. Servs.*, No. 15-CV-1411 (JMF), 2016 WL 1267796, at *3 (S.D.N.Y. Mar. 30, 2016), aff'd, 878 F.3d 441 (2d Cir. 2017), as amended (Jan. 9, 2018) (internal quotation marks omitted).  *See Vidhja*, 2019 WL 1090369, at *3 ("The Second Circuit has construed § 1252(a)(5) broadly to preclude district courts from exercising subject matter jurisdiction over an action that even indirectly challeng[es] an order of removal.") (internal quotation marks omitted).

Lastly, § 1252(g) also deprives this Court of jurisdiction because "by its plain terms, 8 U.S.C. § 1252(g) strips district courts of jurisdiction over claims attacking the Government's

decisions or actions to execute removal orders." *Yearwood v. Barr*, 391 F. Supp. 3d 255, 263 (S.D.N.Y. 2019).  The jurisdictional restrictions in § 1252 demonstrate "Congress's clear intent to consolidate review of challenges to orders of removal in the courts of appeals" and "to have all challenges to removal orders heard in a single forum." *Singh v. U.S. Citizenship & Immigr. Servs.*, No. 15-CV-1411 (JMF), 2016 WL 1267796, at *6 (S.D.N.Y. Mar. 30, 2016), *aff'd* 878 F.3d 441 (2d Cir. 2017), *as amended* (Jan. 9, 2018) (quoting *Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 124 (2d Cir. 2006) (internal quotation marks omitted).

In light of § 1252's jurisdiction stripping provisions, courts within the District have determined that they lack subject matter jurisdiction where, as Petitioner attempts to do here, "an alien moved to set aside a final order of removal pending the resolution of an immigration adjudication [ ] that necessarily stood, if successful, effectively to vacate the underlying order of removal." *Alomaisi v. Decker*, No. 20 Civ. 5059 (VSB) (SLC), at *6 (S.D.N.Y. Jan. 27, 2021), *report and recommendation adopted sub nom. Alomaisi v. Mayorkas*, No. 20 Civ. 5059 (VSB) (SLC), 2021 WL 3774117 (S.D.N.Y. Aug. 25, 2021) (internal quotation marks omitted).  *See also Delgado v. Quarantillo*, No. 13 Civ. 8749 (RMB), 2014 WL 11351249, at *3 (S.D.N.Y. Oct. 3, 2014), *aff'd*, 611 F. App'x 30 (2d Cir. 2015) ("[I]f an alien seeks review of a final order of removal, regardless of how the alien's claim for relief is styled, jurisdiction rests exclusively with the appropriate court of appeals.").

Petitioner has been subject to a final order of removal since 1996, having fully exhausted his appeal rights to the BIA and having failed to voluntarily depart.  ICE has made the discretionary decision to execute that removal order at this time, and it has detained him in order to do so.  As explained by Deportation Officer Mascia, ICE has been working diligently to obtain travel documents for Petitioner, who himself has failed to do so for nearly three decades.  Mascia Decl.

8

¶¶ 24-26. ICE's efforts establish that Petitioner's detention is in furtherance of his removal. A stay of removal or order to immediately release Petitioner while ICE is in the process of effectuating his removal would undermine the determination that Petitioner should be removed. In short, "the equitable relief that [Petitioner] seeks is barred by [Section 1252] because, if granted, that relief would undo his removal order." *Alomaisi*, 2021 WL 611047, at *7, *report and recommendation adopted sub nom. Alomaisi*, 2021 WL 3774117.[3]

## II. PETITIONER'S CHALLENGE TO HIS DETENTION FAILS ON THE MERITS

Even if this Court determined it could exercise jurisdiction, Petitioner's claims would fail on the merits. His detention for the purpose of executing a valid, final, 1996 removal order, complies with all applicable statutes and regulations. Petitioner challenges his detention on the grounds that he has an approved I-130 Petition, and approved I-212 application, and "pending immigration relief available to him" because he has a pending I-601A application. Pet. at 7. None of these facts prevents ICE from detaining and removing Petitioner.

---

[3] Some courts in this District have sought to parse the jurisdiction-stripping provisions of Section 1252 in such a way that they would have jurisdiction to consider petitions seeking a stay of proceedings, but they are wrongly decided. For example, *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018), the Court determined it had jurisdiction by interpreting Petitioner's request for a stay of removal pursuant to a final removal order pending adjudication of his I-130, I-212, and I-601A applications as a challenge to ICE's legal authority to execute his removal while he had a pending application for an I-212 rather than a challenge to the removal determination itself. *Calderon* attempts to draw a distinction that simply does not exist. As Judge Furman observed, "the holding in *Calderon* ultimately seems to rest on the fiction that the petitioner there was not challenging the execution of [his] removal order[ ] by seeking to stay it. The Court is unable (and unwilling) to indulge in that fiction here." *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 227 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

A.    *Revocation of Petitioner's OSUP and His Detention are Permissible*

ICE exercised its discretion pursuant to section 241.4(*l*)(2) to revoke Petitioner's OSUP for the purpose of executing his removal order.  Under section 241.4(*l*)(2), ICE has the "authority, in the exercise of discretion, to revoke release and return to [ICE] custody an alien previously approved for release under the procedures in this section."  Petitioner was served with a written notice of revocation that detailed the reasons for the revocation, and he was given an opportunity to participate in an informal interview.  Mascia Decl. ¶¶ 21-22.  In doing so, ICE complied with the notice requirement of section 241.1(*l*)(1) even though the requirement did not apply in Petitioner's case.  As such, ICE acted within in statutory and regulatory authority when it detained petitioner.

Because ICE exercised its discretion pursuant to section 241.4(*l*)(2) to revoke Petitioner's OSUP, there is no statutory or regulatory impediment to Petitioner's detention.  It is clear from the facts of this case that Petitioner's detention is for the purpose of effecting his removal.  Since he has been in custody, ICE has interviewed Petitioner to obtain information to complete an application for travel documents for repatriation to China.  Mascia Decl. ¶ 24.  ICE has completed that application and submitted it to the Embassy of the People's Republic of China.  *Id*. at ¶ 25.  Both actions are part and parcel of the process of effectuating Petitioner's removal.

B.    *Petitioner's I-130, I-212 and Pending I-601A Do Not Affect His Detention and Removal*

Petitioner's approved I-130 and I-212 and pending I-601A applications do not change the analysis.  While Petitioner's claim is a bare-bones statement, to the extent he raises a due process claim, it is without merit.  The Due Process Clause does not attach to purely discretionary relief. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their

10

discretion.").  When an agency has broad discretion to decide whether or not to confer a benefit, "[t]he existence of that discretion precludes any legitimate claim of entitlement." *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 995 (2d Cir. 1997).

This proposition applies in the context of discretionary relief for noncitizens subject to final orders of removal. Whether to grant Petitioner's outstanding Form I-601A, Application for Provisional Unlawful Presence Waiver, is entirely in the discretion of the government, and thus, he has no due process right not to be removed, or detained in order to effectuate removal, during the pendency of his application. *Achbani v. Homan*, No. 3:17-cv-1512 (JBA), 2017 WL 4227649, at \*4-\*5 (D. Conn. Sept. 22, 2017) (holding that *Delgado* and §1252(g) precluded subject matter jurisdiction over petitioner's request for a preliminary injunction ordering his release from detention on account of his anticipated I-601A application). The Second Circuit has agreed with other circuits and concluded that "[a]n alien has no constitutionally protected right to discretionary relief or to be eligible for discretionary relief." *Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008) (quoting *Oguejiofor v. Att'y Gen. of U.S.*, 277 F.3d 1305, 1309 (11th Cir. 2002) (emphasis omitted)).  Petitioner, a noncitizen who has "been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant" of relief from final removal. *Id*.

Nothing about the circumstances of Petitioner's detention violates his due process rights. ICE has detained Petitioner in order to execute his final removal order, and he will be removed as soon as is practicable.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (a noncitizen may be detained when removal is reasonably foreseeable).  ICE has been working to effectuate Petitioner's valid order of final removal since detaining him, and Petitioner has been detained for only one week, hardly an unconstitutionally prolonged period of detention. *Cf. Vidhja*, 2019 WL 1090369, at \*6

(*Zadvydas* "addresses aliens subject to removal who have been <u>detained</u> for more than six months after the 90-day statutory removal period" (emphasis in original)).  As mentioned above, ICE has secured the information it needs to complete an application for new travel documents and has submitted the application to the Embassy of the People's Republic of China.  Once ICE obtains the requested travel document, they can effectuate the removal order.  Given that ICE is actively pursuing Petitioner's removal, due process does not require that Petitioner be released while ICE finalizes the process of removing him.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Petitioner's petition for writ of habeas corpus.

Dated:  New York, New York
        July 15, 2025

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney
                                        Southern District of New York
                                        *Attorney for Respondents*

                                By:     s/ Kamika S. Shaw
                                        KAMIKA S. SHAW
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: 212-637-2768
                                        Kamika.shaw@usdoj.gov