UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANMEI LIN,
  Petitioner,
v.

Case No. 25 Civ. 5618 (MMG)

MICHAEL BORGEN, et al.,
  Respondents.

## PETITIONER'S AMENDED REPLY TO RESPONDENT'S OPPOSITION

Mo Q. Chin, Esq.
Yee Ling Poon, Esq.
Law Office of Yee Ling Poon, LLC
9 Mott St. 4 Fl.
New York NY 10013
212-385-4575
Email: MOQCHIN@ylpoonlaw.com
       Poon@ylpoonlaw.com
 Attorneys for Petitioner

## PRELIMINARY STATEMENT

Petitioner Jianmei Lin ("Petitioner" or "Mr. Lin") respectfully submits this amended reply in further support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Contrary to Respondents' assertion, this Court *does* have jurisdiction over Mr. Lin's challenge to prolonged and potentially indefinite detention under 8 U.S.C. § 1231(a)(6), particularly given that Mr. Lin is not challenging his removal order per se, but rather the constitutionality and statutory basis for his continued detention pending adjudication of immigration relief.

Mr. Lin has lived in the United States for over three decades, established deep community and family ties, and is the beneficiary of an approved I-130 visa petition, an approved I-212 waiver, and a pending I-601A provisional waiver application. The Government's recent decision to revoke his long-standing Order of Supervision ("OSUP") and detain him abruptly, despite his ongoing legal process and compliance with ICE directives for over a decade, raises substantial due process and statutory concerns.

## ARGUMENT

**I. This Court Has Jurisdiction Over Mr. Lin's Habeas Petition.**

Respondents contend that 8 U.S.C. §1252 strips the Court of jurisdiction. Mr. Lin seeks a judicial determination that: (1) he has a right to seek a provisional unlawful presence waiver; and (2) given that right, his detention and impending removal, notwithstanding such right, with no justification or explanation, violates his constitutional right and the APA. The Court has jurisdiction to review these limited issues. *See Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018).

Respondents contend that the Court lacks jurisdiction to review Mr. Lin's claims because 8 U.S.C. § 1252(g) strips the Court of its jurisdiction. However, Section 1252(g) states *"[e]xcept as provided in this section* and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." (emphasis added) The jurisdictional bar of Section 1252(g) applies *only* to ICE's discretionary decisions in three enumerated categories: "commence proceedings, adjudicate cases, or execute removal orders". *See Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-83 (1999). It is important to keep in mind that Section 1252(g) "does not bar all claims relating in any way to deportation proceedings," but rather serves to bar attempts to impose judicial constraints upon prosecutorial discretion pertaining to the three enumerated, discrete decisions. *Kwai Fun Wong v. United States INS*, 373 F.3d 952, 964 (9th Cir. 2004).

Mr. Lin does not challenge ICE's prosecutorial discretion. Mr. Lin challenges ICE's legal authority to exercise such discretion where the subject of a removal order also has a right to seek relief made available by the DHS regulations. Again, judicial review of ICE's legal authority is not foreclosed by 8 U.S.C. § 1252(g). *See e.g., Zadvydas v. Davis*, 533 U.S. 678 (2001) (reviewing whether ICE has the statutory authority to detain an immigrant subject to a final removal order after the 90-day removal period). *See also You v. Nielsen*, 321 F.Supp.3d 451, 457 (S.D.N.Y. 2018) (holding that unlawful arrest and detention claims fell "outside the ambit of § 1252(g)" because "[t]he question before the Court is not why the Secretary chose to execute the removal order . . . [it] is whether the way Respondents acted accords with the Constitution and the laws of this country"). *See also Herrera-Amador v. Lee*, 16 Civ. 5915 (NGG) (VMS) (E.D.

N.Y. Feb 20, 2021) and *Prado v. Perez*, 451 F. Supp. 3d 306 (S.D. N.Y. 2020) (*citing You* at 457). In *D.A.M. v. Barr*, 474 F.Supp.3d 45 (D. D.C. 2020) this Court, also citing *You* at 457 (S.D.N.Y. 2018), held that

> non-discretionary decisions, such as physically deporting noncitizens in an unconstitutional manner, likely fall outside the statute's jurisdictional bar. And petitioners' challenge to the physical manner of their deportation does not implicate the agency's discretionary decision to execute their removal orders. The immigration authorities are "empowered to remove Petitioner[s] at their discretion. But they cannot do so in any manner they please.

**II. Mr. Lin's Detention Violates § 1231, APA, and Fifth Amendment of the Constitution.**

Not only is Mr. Lin's removal not imminent, Respondents have failed to establish that removal is even reasonably foreseeable, as required by *Zadvydas*. Mr. Lin's prior release under an OSUP — in place for 15 years — was predicated on ICE's long-standing inability to obtain travel documents from the Chinese consulate. Respondents offer no clear evidence that China is now cooperating in a materially different way.

ICE's vague assertion that it is "working to process removal" and has "submitted travel document requests" does not satisfy the requirement of demonstrating that removal is "reasonably foreseeable." The Supreme Court has found that a lack of clear timeline or consular cooperation weighs heavily against continued detention. *See e.g Zadvydas*, 533 U.S. at 699–701.

Both the APA and the Fifth Amendment of the U.S. Constitution protect individuals from an arbitrary governmental interference with their rights and liberty. When a government agency makes available an immigration process to a class of persons but then deprives a member of the class a fair opportunity to engage in the process, with no explanation or justification, that is an arbitrary governmental interference. *See Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018).

4

Petitioner has a right to engage in DHS's process for obtaining a provisional unlawful presence waiver. The execution of an outstanding removal order without any explanation or justification, in preference to Petitioner's right to seek a provisional unlawful presence waiver, is arbitrary and unjustified, and in violation of the APA and the Fifth Amendment. See *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018).

A. **Mr. Lin has Right to Engage in Immigration Process Made Available to Him.**
Process for Obtaining Provisional Unlawful Presence Waiver

The Southern District of New York, in *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018)), explains the history, objective, and process in which an alien may obtain a provisional unlawful presence waiver. An alien who is not eligible to adjust his or her status in the United States must obtain an immigrant visa abroad. But if an alien travels abroad to obtain an immigrant visa while a final order of removal is pending against the alien, the alien may not return to the United States for up to 10 year even with a subsequently-issued valid immigrant visa, unless the alien was previously granted an unlawful presence waiver of inadmissibility.

Typically, an alien cannot apply for a waiver of inadmissibility until after immigrant visa interviews are held abroad. In 2013 and 2016, the DHS promulgated detailed regulations that permit certain individuals who are present in the United States to request from USCIS a provisional waiver of inadmissibility before departing the United States for consular processing of their immigrant visas. See *Expansion of Provisional Unlawful Presence Waivers of Inadmissibility; Final Rule*, 81 Fed. Reg. 50244, 50245 (July 29, 2016); *Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives; Final Rule*, 78 Fed. Reg. 535, 536 (January 3, 2013). "This new process was developed to shorten the time that U.S.

citizens and lawful permanent resident family members are separated from their relatives while those relatives are obtaining immigrant visas to become lawful permanent residents of the United States." The provisional waiver is available to an alien who can demonstrate that the alien has no criminal record and is married to a United States citizen who would suffer without the alien's support in the United States. An outstanding final order of removal does not render an otherwise eligible alien ineligible, as long as the alien has already filed and USCIS has already granted an application for consent to reapply for admission under section 212(a)(9)(A)(iii) of the Act and 8 CFR 212.2(j)". 8 C.F.R. § 212.7(e)(4)(iv).

DHS's regulations permit an eligible alien to obtain a provisional waiver in three steps. First, the alien's U.S. citizen relative (*e.g.*, a spouse) files a Form I-130 "Petition for Alien Relative" to request that the Government recognize the alien as the citizen's immediate relative. *See* 8 U.S.C. § 1154(a)(1)(A)(i). Second, the alien files a Form I-212 "Application for Permission to Reapply for Admission" to request permission to reapply for admission into the United States. Third, the alien files a Form I-601A "Application for Provisional Unlawful Presence Waiver" to request the provisional waiver of inadmissibility. An alien is granted a provisional waiver only if each of the forms are approved. See *Provisional Unlawful Presence Waivers*, https:www.uscis.gov/family/family-uscitizens/provisional-unlawful-presence-waivers.

Mr. Lin is currently undergoing the third and final step of the three-step process.

<u>Mr. Lin has Right to Apply for Provisional Unlawful Presence Waiver.</u>

When a government agency promulgates "[r]egulations with the force and effect of law," they supplement the bare bones of federal statutes; the government agency must follow its own "existing valid regulations." *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266,

6

268 (1954). The *Accardi* doctrine applies with particular force when "the rights of individuals are affected." *Morton v. Ruiz*, 415 U.S. 199, 232 (1974). Accordingly, under *Accardi*, when the Government promulgates a regulatory process for obtaining relief, a "right to seek relief" is created, even when there is no "right to the relief itself." *Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir. 2003) (citing *Accardi*, 347 U.S. at 268).

DHS has promulgated, through a notice and comment process, detailed regulations that make available a process for obtaining a provisional unlawful presence waiver of inadmissibility to aliens with outstanding final orders of removal. These regulations create a "right to seek" the provisional waiver even when there is no "right to the [waiver] itself." *Id.* Accordingly, Mr. Lin has a right to apply for a provisional unlawful presence waiver.

B. **Respondents Actions  Again Mr. Lin Violate the APA and the Fifth Amendment.**

Respondents have violated the APA and the Mr. Lin's due process right by attempting to execute Mr. Lin's order of removal with no explanation or justification notwithstanding the Mr. Lin's right to apply for a provisional waiver.

APA Violation

Under the APA, a court may "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Here, by detaining and attempting to execute Mr. Lin's order of removal, Respondents have attempted to strip the Mr. Lin's right to engage in an immigration process made available to him, with no explanation or justification.

Respondents' attempted execution of an outstanding removal order, notwithstanding Mr. Lin's right to apply for the provisional waiver, is "not in accordance with law." 5 U.S.C. § 706(2)(A).

Mr. Lin is not asserting a right to a provisional waiver; he is merely claiming "a right to try." Respondents contend that they can wield unreviewable power to remove aliens, creating a family separation of up to 10 years, even though the DHS itself has granted a right to seek a provisional waiver that would alleviate substantial hardship. Respondents show no concern for the rights of aliens that they themselves created. This unchecked exercise of power is exactly what the APA is designed to protect against. Respondents have violated the APA by attempting to execute, with no explanation or justification, an outstanding order of removal against Mr. Lin that would, in effect, strip the Mr. Lin's right to seek a provisional waiver. See *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018).

Due Process Clause Violation

The Due Process Clause requires that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. The Due Process Clause has been interpreted as a "protection of the individual against arbitrary action of government," *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998), which has both a procedural component protecting against the "denial of fundamental procedural fairness," *id*. at 845-46, as well as a substantive component guarding the individual against "the exercise of power without any reasonable justification in the service of a legitimate governmental objective," *id*. at 846. The Supreme Court has unequivocally stated that the due process right under the Fifth Amendment extends to aliens in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."). As discussed above, Respondents have attempted to strip the Petitioner's right with no explanation or justification. That is a violation of due process. *See Sameena, Inc. v. U.S.*

*Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998) ("An agency's failure to follow its own regulations . . . may result in a violation of an individual's constitutional right to due process.").

Moreover, Mr. Lin has demonstrated a good-faith pursuit of lawful status through DHS-approved and pending applications. That effort — in combination with a 30-year residence and a record of compliance with ICE — underscores that his detention is not meaningfully tied to effectuating removal, but is instead punitive and arbitrary.

The sudden change in treatment is arbitrary and unsupported by any urgent need for detention. See *Bertrand v. Sava* (2d Cir. 1982) — Habeas Review of Parole Decisions, finding that statutory discretion is not without limit, and should not be abused by acting arbitrarily, or in contradiction to established policy. See also *INS v. Rios-Pineda*, 471 U.S. 444 (1985); *INS v. Doherty*, 502 U.S. 314 (1992)

**IV. Mr. Lin's Pending I-601A Application Precludes Removal and Supports Release.**

8 C.F.R. § 212.7 generally establishes the regulations that control eligibility and procedures for "[w]aivers of certain grounds of inadmissibility." 8 C.F.R. § 212.7(e) applies to "certain aliens who are pursuing consular immigrant visa processing." 8 C.F.R. § 212.7(e)(1) provides that USCIS has "exclusive jurisdiction to grant a provisional unlawful waiver under this paragraph." 8 C.F.R. § 212.7(e)(2) governs provisional unlawful presence waivers generally, and 8 C.F.R. § 212.7(e)(3) and 8 C.F.R. § 212.7(e)(4) establish classes of "[e]ligible aliens" and "[i]neligible aliens[,]" respectively. 8 C.F.R. § 212.7(e)(4) explains which classes of individuals are ineligible for a provisional unlawful presence waiver. Relevant here, 8 C.F.R. § 212.7(e)(4)(iv) establishes that individuals "subject to an administratively final order of removal, deportation, or exclusion

under any provision of law (including an in absentia order under section 240(b)(5) of the Act)" are ineligible for provisional unlawful presence waivers *unless* "the alien has already filed and USCIS has already granted, before the alien applies for a provisional unlawful presence waiver under 8 C.F.R. § 212.7(e), an application for consent to reapply for admission under section 212(a)(9)(A)(iii) of the Act and 8 C.F.R. § 212.2(j)[.]

Two important cases show this principle in action: In the controlling case of *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018) this court found that that Calderon had a right to apply for a provisional unlawful presence waiver, and also found that detention and attempted execution of an order of removal had stripped Calderon of that right.  The U.S. District Court for New Jersey followed *Calderon* in *Martinez v. Nielsen*, 341 F.Supp.3d 403 (D.N.J. 2018); rejecting the Government's argument regarding jurisdiction limitation, the District of New Jersey determined that it had jurisdiction over the case. The District of New Jersey emphasized that Martinez had a right to complete the provisional waiver process created by DHS regulations; it ruled that ICE's detention of Martinez during the waiver process was arbitrary and capricious, violating his rights under APA. The court ordered Martinez's release.

The Respondents argue that Mr. Lin's pending I-601A Provisional Waiver does not preclude removal. In effect, however, removal precludes Mr. Lin from completing his lawful immigration process. As such, his detention — with the stated goal of removal — directly undermines his right to avail himself of regulatory provided immigration relief. This is not simply a matter of discretion; it is a deprivation of procedural fairness.

Controlling case law establishes that properly filed I-601A must trigger a pause in removal until adjudication; this preserves the applicant's right to due process by ensuring applicants can

10

meaningfully pursue a benefit DHS regulations intend to confer. This Court is required to ensure that its immigration related decisions adhere to the principles of fundamental fairness and equity. *See e.g. Trump v. Casa, Inc.* 24A884 (06/27/2025) (Ordering lower courts to "move expeditiously to ensure" that their immigration related injunctions "comply with the principles of equity.") Both supporting controlling caselaw and equity principles strongly favor deferring the execution of removal orders when an applicant is actively pursuing lawful relief and poses no threat. Execution of a final removal order during the pendency of an I-601A would render the process futile, contravening the clear regulatory objective.

## CONCLUSION

Petitioner respectfully requests that this Court:

1. Assume jurisdiction over his habeas corpus petition;
2. Find that his detention is unlawful under 8 U.S.C. § 1231 and violates due process;
3. Order his immediate release and stay of removal until adjudication of his I-601A application;
4. Issue Temporary Restraining Order or Preliminary Injunction against deportation while I-601A is pending; and
5. Any other relief deemed proper by the Court.

Dated: July 20, 2025

Respectfully submitted,

Mo Q. Chin [signed electronically 7/20/2025]
Mo Q. Chin, Esq.

Yee Ling Poon, Esq.

Law Office of Yee Ling Poon
Attorneys for Petitioner Jianmei Lin

11